UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEAZ OLIVEIRA-VINDILINO,<br><br>    Petitioner,<br><br>    v.<br><br>ANTONE MONIZ, Superintendent,<br>Plymouth County Correctional<br>Facility,<br><br><br>    Respondent. | CIVIL ACTION<br>NO. 26-12783-WGY |

YOUNG, D.J.                                    June 29, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Geaz Oliveira-Vindilino ("Oliveira-Vindilino") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondent's response, Resp. Habeas Pet. ("Resp."), ECF No. 7.

District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023). Since Oliveira-Vindilino challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Oliveira-Vindilino that his custody is governed by 8 U.S.C. § 1226(a) which, as due

process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Oliveira-Vindilino poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

SO ORDERED.

WILLIAM G. YOUNG
DISTRICT JUDGE